RAYBORN, et al. *v.* BURT

No. 40940 January 5, 1959 107 So. 2d 737

February 2, 1959 108 So. 2d 588

*Hammond & Pope,* Columbia, for appellants.

*Rawls & Hathorn,* Columbia, for appellee.

ROBERDS, P. J.

This litigation involves the title to a lot, consisting of 2.2 acres, described in the bill herein, located in the municipality of Columbia, Marion County, Mississippi. The lot sold September 20, 1954, for nonpayment of the state and county taxes thereon for the year 1953. On the same day it sold for nonpayment of municipal taxes for 1953. J. M. Burt, the appellee, was the purchaser at both sales. Burt contends that he was vested with a good title at both sales. Appellants say he did not get such

title as the result of either sale. If either sale were legal, Burt's title is good. We think the municipal sale was valid and, therefore, do not pass upon the state and county sale.

■■ The lot was advertised for sale. It was "struck off" to Burt at the municipal sale. Burt paid his bid. The city clerk and tax collector issued a receipt for the purchase price and, after the expiration date for redemption, issued to Burt a tax collector's deed. The lot was not redeemed from the sale. One contention of appellant, as we understand it, is the municipal sale was void because the mayor and aldermen, at the meeting to correct and equalize the rolls, caused the rolls to be changed as to the owner and the description of the lot, and this correction, or change, was made by the city clerk and tax collector and not by the city assessor. The original rolls had as owner of the lot "Mayson, Bunny", and described the lot as "1 A SW¼". A line was run through the name Bunny Mayson and the word "unknown" was substituted as the owner. Also the description, as above-quoted, was changed to a detailed metes and bounds description. This physical change was actually made by, and in the handwriting of, Mrs. H. W. Hargrove, the city clerk and tax collector. Appellant says the change should have been made by the city tax assessor. ■■ We know of no statute or rule of law which renders an assessment void because someone other than the assessor makes changes in the roll pursuant to direction of the mayor and aldermen at a meeting to correct and equalize the assessment roll. This change was the act of the mayor and aldermen. Mrs. Hargrove testified that she made the correction at the direction of the official board. Indeed, Section 3742-10, Miss. Code 1942, provides: "The clerk shall assist the governing authorities of the municipality in the revision, correction and preparation of the assessment roll, and shall do any and all things in connection therewith, and shall perform the same duties in

respect to said roll as is generally required of the clerk of the board of supervisors in making the county land assessment roll.'' ■■■ As to the necessity for the change as respects the owner, the pleadings designate some twenty-five named persons as the owners of the lot, together with the unknown heirs of several other persons. Those named resided in different parts of the country, and the residences of many were unknown. Bunny Mayson is not shown to be the owner or to have any interest in the lot. Indeed, it is in evidence that Bunny Mayson was dead. It was appropriate to let the roll show that the owner of this lot was unknown.

■■ ■ The description as it originally appeared on the roll was uncertain and void. The description substituted for that void description was by metes and bounds and was certain and valid. It appears that all notices required by law pertaining to the assessment were duly given.

■■■ G. R. Burt, a member of the board of aldermen, was a brother of J. M. Burt, the appellee. G. H. Burt bought the property at both sales for and in the name of J. M. Burt. Appellant says that was improper and rendered the purchase by J. M. Burt illegal. G. H. Burt was in no way acting in a dual, or official, capacity in bidding in the property for his brother. No rule of law or public policy has been cited to us by learned counsel for appellant which renders this procedure illegal.

The chancellor decreed this sale to be valid. We find no error in that adjudication.

Affirmed.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

Arrington, J.

In the original opinion herein we made this statement: ''The lot was advertised for sale.'' Appellants, in their

suggestion of error, say this statement was not justified. Appellants cite certain pages of the record containing testimony to the effect that the sale was not advertised. The testimony to which they refer deals with the state and county sale. We specifically stated in the opinion that we were not passing upon that sale. We passed upon the municipal sale.

■■ ■ As to proof of the fact the lot was advertised for municipal tax sale, the testimony of Mrs. Hargrove, city clerk and tax collector, was to the effect that the land was advertised for sale. No objection was made to that testimony.

The list of lands sold for delinquent taxes contains the land in controversy. Receipt for the purchase price at the city sale was duly given, and a deed was duly issued by the city clerk and tax collector covering the property sold at the tax sale, and a deed, in all respects valid on its face, was issued by that official to Burt as the purchaser, saying it had been sold according to law for unpaid municipal taxes. These acts carried a presumption, in the absence of proof to the contrary, that the sale was duly and legally made, which necessarily included advertisement. Appellants offered no proof to show that the municipal tax sale was not duly advertised.

Suggestion of error overruled.

*Roberds, P. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.